July 6, 2016

**V**IA **ECF & H**AND **D**ELIVERY

Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

   Re: *Commerzbank AG v. Wells Fargo Bank, N.A.*
      Case No. 15-cv-10033

Dear Judge Netburn:

  In accordance with the Court's June 30, 2016 Order (ECF No. 53), the parties in the above-referenced action respectfully submit this joint letter to update the Court as to the status of discovery and propose a discovery schedule.

  **I.** **Status of Discovery**

  To date, the parties have engaged in an initial exchange of discovery information. On May 13, 2016, Plaintiff Commerzbank AG ("Plaintiff") served its initial disclosures, a first set of requests for production, and first set of interrogatories on Defendant Wells Fargo Bank, N.A. ("Defendant"), and Defendant served its initial disclosures. On May 31, 2016, Defendant served Plaintiff with its first set of requests for production. Defendant served its responses and objections to Plaintiff's first set of requests for production and first set of interrogatories on June 15, 2016, and Plaintiff served its responses and objections to Defendant's first set of requests for production on June 30, 2016.

  The parties are now beginning to engage in meet and confers regarding their responses to the discovery requests and the scope of discovery in this action. These discussions will cover the custodians and search terms to be implemented by both parties. The parties will also confer regarding an ESI protocol and a protective order substantially similar to the one entered in the related cases before Your Honor to allow for coordinated discovery.

  **II.** **Proposed Discovery Schedule**

  The parties agree that the deadline for the substantial completion of document discovery should be October 28, 2016. The parties, however, disagree on the date for the completion of all fact discovery and whether the proposed discovery schedule should include deadlines beyond the completion of fact discovery. Each party's position is set forth below.

  **A.** **Plaintiff's Position**

  Plaintiff proposes the following schedule for the remainder of discovery:

| | |
|---|---|
| August 15, 2016 | Submission of joint letter informing the Court about the status of discovery and the negotiation of a protocol for sampling loans in defendant trusts and for re-underwriting those loans |
| October 28, 2016 | Substantial completion of document productions |
| February 28, 2017 | Completion of fact discovery |
| March 21, 2017 | Identification of experts |
| April 14, 2017 | Disclosure of expert reports |
| May 5, 2017 | Identification of rebuttal experts |
| May 26, 2017 | Disclosure of rebuttal expert reports |
| July 7, 2017 | Completion of expert discovery |
| July 14, 2017 | Submission of pre-motion summary judgment letters in accordance with Judge Failla's Individual Practices |

Plaintiff contends that the parties will benefit from the entry of a complete fact and expert discovery schedule at this time. The above deadlines are modelled on the discovery schedule that the Court entered on June 30, 2016 in *Commerzbank A.G. v. HSBC Bank, US N.A.*, No. 15-cv-10032 [ECF No.63] and the related cases (the "HSBC Scheduling Order").[1] The one difference is that the HSBC Scheduling Order affords the parties approximately eight months between the substantial completion of document productions and the end to fact discovery, whereas the above schedule only affords the parties approximately four months between those deadlines. Plaintiff submits that any shorter time period between the substantial completion of document productions and the end of fact discovery would not permit sufficient time to take fact depositions, especially if there are significant document productions in October. The above deadlines otherwise follow the HSBC Scheduling Order except that all the expert discovery deadlines and summary judgment pre-motion letter deadline are moved up one month since the proposed fact discovery deadline is one month earlier than the fact discovery deadline in the HSBC Scheduling Order.

Plaintiff also believes that the schedule should include a deadline for the parties to negotiate and reach an agreement on a protocol for sampling loans in the Defendant trusts and for re-underwriting those loans consistent with the HSBC Scheduling Order. Such a protocol will make loan re-underwriting more efficient for the parties and allow the Court to resolve any disagreements at an early stage. Plaintiff proposes August 15, 2016 as the deadline for informing the Court of the status of its negotiations about a loan re-underwriting protocol. This date is several weeks after the deadline for submitting a joint letter about the loan re-underwriting protocol in the HSBC Scheduling Order, which will provide the parties the benefit of seeing how the Court resolves any issues about the protocol in the *HSBC* actions.

Defendant's assertion that Plaintiff's discovery of Wells Fargo must be fully coordinated with the other cases is untenable if all fact discovery will conclude in those cases on October 31, 2016 and Wells Fargo has not committed to complete its document production relating to Plaintiff's trusts before October 28, 2016. While Plaintiff is committed to making best efforts to coordinate discovery with the other cases, such as its agreement to coordinate the taking of a Defendant's Rule 30(b)(6) deposition this month even though it has not received any documents

---

[1] The HSBC Scheduling Order pertains to discovery on 24 "bellwether" trusts, whereas this action involves 19 trusts.

from Wells Fargo to date, Plaintiff submits it would be unfair to require Plaintiff to depose Defendant's witnesses before Defendant commits to completing its document production.

### B.   Defendant's Position

Defendant proposes the following discovery schedule in accordance with the Court's June 30, 2016 Order:

| August 15, 2016 | Submission of joint letter informing the Court about the status of discovery. |
| --- | --- |
| October 28, 2016 | Substantial completion of document productions. |
| January 27, 2017 | Completion of fact discovery. |

Plaintiff's inclusion of proposed dates beyond fact discovery is premature at this time when all the parties in these coordinated cases against Defendant have not had an opportunity to propose realistic deadlines concerning these topics.  As Plaintiff notes above, its proposed schedule is modeled after the HSBC Scheduling Order, which was the product of joint negotiations with all plaintiffs involved in those actions against HSBC.  Here, Plaintiff has not attempted to reach any sort of joint schedule with the other plaintiffs in the actions pending against Wells Fargo.  As we indicated to Plaintiff during our recent meet and confer, setting additional dates beyond fact discovery without the involvement of the other plaintiffs is improper and inconsistent with Your Honor's guidance in these coordinated cases.  In addition, it goes beyond the scope of this Court's June 30, 2016 Order, which required that the parties file a letter "updating the Court on the status of discovery and proposing a discovery schedule."  Also, Defendant agrees it would be beneficial to update the Court regarding various discovery issues on August 15, 2016.

Defendant also believes that the fact discovery schedule should roughly align with the other cases against Defendant.  Those cases are currently scheduled to conclude fact discovery on October 31, 2016, and Plaintiff's counsel had previously represented it was ready and able to meet that discovery deadline in order to keep all of the Wells Fargo cases coordinated.  Although Defendant agrees with Plaintiff that document productions should be substantially completed by October 28, 2016, Defendant disagrees with the additional time Plaintiff now claims is required to complete the remainder of fact discovery, including additional fact depositions.  Other than pointing to the unrelated HSBC Scheduling Order, Plaintiff has been unable to articulate a need greater than the three additional months of depositions contemplated by Defendant's proposed schedule.  Indeed, in light of the current fact discovery deadline in the other coordinated cases, depositions of Wells Fargo employees will likely occur before the end of October.  We are willing to work with Plaintiff to produce relevant documents in advance of Wells Fargo depositions.  Defendant believes a January 27, 2017, discovery deadline is appropriate here to afford the parties time to conduct depositions of additional witnesses after the close of discovery in the other actions against Defendant.

Defendant would also like to address other potential interim dates and issues concerning third-party discovery during the July 11, 2016 status conference scheduled with the Court.

Respectfully Submitted,

| | |
|---|---|
| */s/ Ryan A. Kane* | */s/ Rasha Gerges Shields* |
| Ryan A. Kane | Rasha Gerges Shields |
| Niraj J. Parekh | JONES DAY |
| WOLLMUTH MAHER & DEUTSCH LLP | 555 South Flower Street |
| 500 Fifth Avenue, 12th Floor | Fiftieth Floor |
| New York, New York 10110 | Los Angeles, CA 90071 |
| Telephone: (212) 382-3300 | Telephone: (213) 489-3939 |
| Fax: (212) 382-0050 | Fax: (213) 243-2539 |
| | |
| *Attorneys for Plaintiff Commerzbank AG* | Jayant W. Tambe |
| | Howard F. Sidman |
| | Jason Jurgens |
| | JONES DAY |
| | 250 Vesey Street |
| | New York, NY 10281-1047 |
| | Telephone: (212) 326-3939 |
| | Fax: (212) 755-7306 |
| | |
| | *Attorneys for Defendant Wells Fargo Bank, National Association* |

Cc:  Counsel of Record