Case 1:15-cv-10033-KPF-SN   Document 253   Filed 04/18/17   Page 1 of 11

## WOLLMUTH MAHER & DEUTSCH LLP
500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

---

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

April 18, 2017

**VIA ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

**Subject: Commerzbank's Objections to Wells Fargo's Rule 30(b)(6) Notice**
*Commerzbank AG v. Wells Fargo Bank, N.A.*, Case No. 15-cv-10033

Dear Judge Netburn:

      We write on behalf of Commerzbank to seek a protective order with respect to Wells Fargo's Rule 30(b)(6) Notice (the "Notice"). Commerzbank has engaged in multiple, lengthy meet and confer calls and exchanged multiple written objections and counter-proposals to Wells Fargo's various iterations of the Notice. As reflected on the attached Exhibit A, which sets forth the 20 topics in the most recent Notice and Commerzbank's position and objections to each topic, Commerzbank agreed to provide testimony on 12 of the topics and offered to provide testimony on compromise versions of 3 of the topics.[1]

      These fifteen topics cover an incredibly broad amount of factual information covering a wide variety of topics, such as (i) the organization of the relevant trading desks; (ii) the corporate relationship between Commerzbank, Dresdner, and Eurohypo; (iii) Commerzbank's involvement in certain CDOs; (vi) policies and procedures relevant to the at-issue RMBS; (v) the transfers of any at-issue RMBS; (vi) the engagement of any investment advisors or collateral managers with respect to the at-issue RMBS; (vii) any efforts to pursue remedies with respect to the at-issue RMBS; (viii) Commerzbank's business understanding of the obligations of Wells Fargo as trustee; (ix) any efforts by Commerzbank to direct Wells Fargo or (x) to contact other certificateholders in the at-issue Trusts; (xi) any information Commerzbank received concerning breaches and document exceptions for loans in the at-issue Trusts; (xii) Commerzbank's efforts to sell the at-issue RMBS; (xiii) Commerzbank's losses on the at-issue RMBS; (xiv) any payments Commerzbank received outside the normal waterfall payments for the at-issue RMBS; and (xv) and any decision to stop buying RMBS. Commerzbank already has agreed to a set of topics that far exceeds the scope of a typical Rule 30(b)(6) deposition.

---

[1] Commerzbank has agreed to provide testimony on Topics 2, 3, 4, 6, 7, 8, 9, 10, 11, 16, 17 and 19, and offered to provide testimony on more appropriate versions of Topics 1, 12 and 18.

Significantly, Commerzbank has agreed to a broad set of 15 topics seeking granular factual information, whereas Wells Fargo, as defender, refuses to permit a 30(b)(6) witness to answer even 3 narrow topics, which Wells Fargo admits are relevant. When Wells Fargo is on the receiving end of a 30(b)(6) notice, it asserts that expansive requests requiring granular detail over multiple years are improperly overbroad because Rule 30(b)(6) is "not designed to be a memory contest."[2] When it is on the receiving end of a Rule 30(b)(6) notice, Wells Fargo asserts that the 30(b)(6) process is not a trap to set a party up for failure and "inevitable arguments" of inadequate preparation.[3]

When it is on the prosecutorial end of a 30(b)(6) notice, all these assertions go out the window. As a taker, in place of 3 topics — a number it rejected as overbroad and unduly burdensome —Wells Fargo demands 20 topics, almost all involving granular factual detail. As a taker, it demands the witness research these granular facts over an expansive 13 year period, and across multiple entities, including entities that are not parties. It demands grueling preparation on granular factual detail over a decade of time and through multiple entities heedless of whether the detail is relevant to any material issue, without regard to burden or proportionality, considering not at all whether it is within Commerzbank's reasonable possession. In short, Wells Fargo as a taker seeks to turn the 30(b)(6) process into the very thing it claims to abhor as a defender: a burdensome bludgeon, an unpassable memory test, a latent trap to set up a responding party for failure and additional motion practice.

We think the best arguments against Wells Fargo's overbroad, burdensome, and wasteful 30(b)(6) demands have been made by Wells Fargo itself. Commerzbank further respectfully refers the Court to Exhibit A for a more detailed explanation as to why the Court should strike Topics 5, 13, 14, 15, and 20 in their entirety and either strike, or, in the alternative, endorse Commerzbank's versions of Topics 1, 12 and 18 as set forth on Exhibit A.

Respectfully submitted,

Ryan A. Kane

Ryan A. Kane

Attachment
cc: All Counsel (via ECF)

---

[2] April 6, 2017 Letter from Howard Sidman of Jones Day to the Honorable Sarah Netburn at 3 ("Sidman Letter") [ECF 237] (quoting *E.E.O.C. v. Am. Int'l Grp., Inc.*, No. 93 Civ. 6390, 1994 WL 376052, at *3 (S.D.N.Y. July 18, 1994)). The doctrine of judicial estoppel does not apply, but its criticism against self-interested doubletalk is informative. That doctrine precludes a party from playing "fast and loose" by adopting contradictory positions in serial litigations. *Bates v. Long Island R.R. Co.*, 997 F.2d 1028 (2d Cir. 1993), *cert. denied*, 510 U.S. 992 (1993). Or, more colorfully and colloquially, a party may not properly "speak out of both sides of her mouth with equal vigor and credibility." *Reigel v. Kaiser Found. Health Plan of North Carolina*, 859 F. Supp. 963, 970 (E.D.N.C. 1994).

[3] Sidman Letter at 3 [ECF 237].

**Exhibit A**
**Wells Fargo's Overbroad and Unduly Burdensome 30(b)(6) Topics**
**With Problems and Reasonable Compromise that was Rejected by Wells Fargo**

| Wells Fargo's Proposed Topic | Problems with Proposed Topic | Reasonable Compromise Topic Rejected by Wells Fargo |
|---|---|---|
| 1. The general structure and organization of any group within Commerzbank, Eurohypo, or Dresdner responsible for the analysis, approval process, acquisition, disposition, hedging, monitoring, surveillance, and/or management of the RMBS at Issue and RMBS generally, Including the personnel involved in these activities. | • **Not Proportional**: The topic requires a witness to memorize the structure and organization for any group at Commerzbank, and two non-parties, that had any involvement in activities concerning RMBS generally from 2004 to the present along with the personnel involved in those activities over a 13-year time period. This is nearly an impossible task. The burden of memorizing this information far outweighs the marginal relevance of the organization and identity of employees in groups involved in RMBS to the issues in this litigation, particularly given that Commerzbank has already produced numerous organizational charts in document discovery.<br><br>• **Not Particularized**: The topic also is vague and overbroad, particularly with respect to the terms "analysis" and "management" as they could sweep in groups with only ancillary involvement in RMBS. Commerzbank's compromise topic is particularized as it lists the key group, trading responsible for buying and selling RMBS. Commerzbank also asked Wells Fargo to specifically identify any other group it wished to add to the topic, but Wells Fargo declined to do so. | The general structure and organization of any group within Commerzbank, Eurohypo, or Dresdner responsible for trading the RMBS at Issue and RMBS generally. |
| 2. The corporate relationship (*i.e.*, how the entities are or were affiliated with each other) between and/or among Commerzbank, Dresdner, Eurohypo, the Dresdner CDOs and the Collateral Managers. | Agreed. | N/A |

| **Wells Fargo's Proposed Topic** | **Problems with Proposed Topic** | **Reasonable Compromise Topic Rejected by Wells Fargo** |
|---|---|---|
| 3. Commerzbank's, Eurohypo's or Dresdner's involvement in the creation, unwinding, and liquidation of the Dresdner CDOs or any other investment vehicle(s) that held positions in the RMBS at Issue. | Agreed. | N/A |
| 4. The policies or procedures of Commerzbank, Eurohypo, or Dresdner applicable to the RMBS at Issue, Including any (a) purchase, hold, and/or sale decisions with respect to the RMBS at Issue; (b) surveillance, monitoring, or any subsequent analysis of the RMBS at Issue; (c) diligence and/or monitoring of Issuers, Originators, Sellers, Sponsors, Servicers, Trustees, and Underwriters; and (d) hedging of risk related to the RMBS at Issue. | Agreed. | N/A |
| 5. Any diligence, review, or surveillance of an Originator's loan underwriting conducted in connection with Commerzbank's decision to extend credit to, or maintain a line of credit in any form with, any Originator during the Relevant Time Period, which Brett Jetter referenced during his deposition at page 236, line 16 through page 237, line 14. | • **Not Proportional**: The topic requires a witness to research whether Commerzbank provided a loan to any Originator, which consist of numerous entities, from 2004 to the present and then obtain and review any diligence conducted in connection with such loans. Loans made by Commerzbank to originators, if any, are entirely irrelevant to this action. Further, the cited deposition testimony indicates that the witness does not recall Commerzbank making loans to any originators. The topic is at best a fishing expedition by Wells Fargo. The burden of conducting an expansive search for this information, which is not relevant to this action and may not even exist, far outweighs Well Fargo's desire for a fishing expedition. | None. Entire Topic Objectionable. |

| Wells Fargo's Proposed Topic | Problems with Proposed Topic | Reasonable Compromise Topic Rejected by Wells Fargo |
|---|---|---|
|  | • **Not Particularized**: As typical for a fishing expedition, the topic is not particularized in any way. |  |
| 6. The transfer of any RMBS at Issue during the Relevant Time Period to or from Commerzbank, Dresdner, or any other Transferor, Including (a) any agreement Concerning each transfer; (b) the parties involved in each transfer; (c) any assignments of rights and remedies applicable to each transfer, Including any expressly or impliedly assigned litigation rights and the assignment transactions and events giving rise thereto, such as those described in Paragraphs 17-20 of the Complaint; and (d) the prices paid/received for each transfer. | Agreed. | N/A |
| 7. Commerzbank's, Dresdner's, or Eurohypo's engagement and services of any Investment Advisor or Collateral Manager to analyze, approve, advise, research, monitor, or manage investments in the RMBS at Issue, Including any decision to buy, acquire, hedge, monitor, sell, or transfer any of the RMBS at Issue. | Agreed. | N/A |
| 8. Any efforts or contemplated efforts to pursue any remedies arising from, or related to, any alleged losses in the Trusts at Issue or RMBS at Issue, Including any non-privileged information concerning litigation or contemplated litigation by Commerzbank, Eurohypo, or Dresdner against any Issuer, Seller, Sponsor, | Agreed. | N/A |

| Wells Fargo's Proposed Topic | Problems with Proposed Topic | Reasonable Compromise Topic Rejected by Wells Fargo |
|---|---|---|
| Servicer, Originator, Underwriter, Credit Rating Agency, or Trustee. | | |
| 9. Commerzbank's business understanding, and the factual basis for that understanding, of the obligations, rights and duties for the Trusts at Issue of (a) Commerzbank, and (b) Wells Fargo. | Agreed. | N/A |
| 10. Commerzbank's, Eurohypo's and Dresdner's efforts, if any, to direct and indemnify Wells Fargo or obtain mortgage loan files, in connection with the Trusts at Issue, Including any notices sent to Wells Fargo Concerning Wells Fargo's role as Trustee. | Agreed. | N/A |
| 11. Commerzbank's, Eurohypo's, and Dresdner's efforts, if any, to contact, or communicate with, any other investor in RMBS Concerning enforcing rights related to RMBS, Including retention or contemplated retention of Gibbs & Bruns LLP in connection with enforcing rights related to RMBS. | Agreed. | N/A |
| 12. Information Commerzbank, Dresdner, or Eurohypo received, learned, or knew during the Relevant Time Period about the RMBS at Issue, Concerning: (a) document deficiencies related to the mortgage loan files for the mortgages sold to the Trusts at Issue; (b) R&W Breaches in connection with the RMBS at Issue or RMBS generally; (c) exception reports Concerning the RMBS at Issue; (d) the policies and practices of Servicers, Sponsors, Sellers, or | • **Not Proportional**: The topic requests a witness to research and memorize a potentially broad amount of facts, including what Commerzbank, and two non-parties, knew about the practices of all the servicers, sponsors, sellers or originators for 19 RMBS trusts, information about RMBS generally (which adds hundreds of RMBS not at issue to this topic), and all investigations and lawsuits concerning the RMBS trusts. What Commerzbank, Dresdner, and Eurohypo knew about these topics is of marginal relevance as the case is about what Wells Fargo discovered, knew or should have known. To the extent that | Information Commerzbank, Dresdner, or Eurohypo received, learned, or knew prior to filing the complaint about the RMBS at Issue, Concerning: (a) document deficiencies related to the mortgage loan files for the mortgages sold to the Trusts at Issue; (b) R&W Breaches in connection with the RMBS at Issue; or (c) exception reports Concerning the RMBS at Issue. |

Exhibit A – Page 4

| Wells Fargo's Proposed Topic | Problems with Proposed Topic | Reasonable Compromise Topic Rejected by Wells Fargo |
|---|---|---|
| Originators whose practices are the subject of this Action; or (e) investigations and lawsuits Concerning the RMBS at Issue and Trusts at Issue, Including those referenced in Paragraphs 84- 86, 88, 98 and Exhibits F and G of the Complaint. | Commerzbank's knowledge may be relevant to Wells Fargo's statute of limitations defense that was not upheld in the Court's recent motion to dismiss Order, sub-topics (a), (b) and (c) in Commerzbank's compromise topic at least pertain to issues in this action, and Commerzbank's compromise topic includes those sub-topics. Including sub-topics (d) and (e) and expanding the topic to include RMBS generally significantly broadens the scope of the topic, creating a substantial additional burden that far outweighs any marginal relevance.<br><br>• **Not Consistent with Wells Fargo's Position with respect to Wells Fargo's Rule 30(b)(6) Deposition**: While Wells Fargo seeks Commerzbank's testimony on individual loan-level breaches in this topics, Wells Fargo objects to providing similar testimony. ECF No. 237. Wells Fargo should not be permitted to take inconsistent positions. | |
| 13. Any R&W Breach alleged to have occurred under the Governing Agreements, the dates of those breaches, and how and when Commerzbank, Dresdner, or Eurohypo first became aware of such R&W Breach, and the response, if any, to such R&W Breach. | • **Not Proportional**: The topic requests a witness to testify as to loan-level facts concerning every breach of every loan in each RMBS trust. These are facts that only can be derived from Wells Fargo's documents and expert discovery. It is not possible for a Commerzbank employee to prepare to testify on this topic. Even if expert discovery had concluded, a Commerzbank employee would have to study and memorize Wells Fargo's files and expert reports in order to testify on this topic. Whatever relevance may attach to requiring a Commerzbank employee to memorize and summarize such information is far outweighed by the enormous burdens of such an undertaking. | None. Entire Topic Objectionable. |

| Wells Fargo's Proposed Topic | Problems with Proposed Topic | Reasonable Compromise Topic Rejected by Wells Fargo |
|---|---|---|
| | • **Calls for Expert Discovery and Legal Conclusions:** The issue of which loans contain breaches is an issue that will be subject of expert discovery and will be litigated at trial. This topic simply is not an appropriate Rule 30(b)(6) topic.<br><br>• **Not Consistent with Wells Fargo's Position with respect to Wells Fargo's Rule 30(b)(6) Deposition**: While Wells Fargo seeks Commerzbank's testimony on individual loan-level breaches in this topic, Wells Fargo objects to providing similar testimony even though such information actually is in Wells Fargo's possession and Wells Fargo's discovery and knowledge of breaches is relevant. ECF No. 237. Wells Fargo should not be permitted to take inconsistent positions. | |
| 14. Any Events of Default alleged to have occurred under the Governing Agreements, the dates of those Events of Default, and how and when Commerzbank, Dresdner, or Eurohypo first became aware of such Event of Default, and the response, if any, to such Event of Default. | The same objections to Topic 13 apply to this Topic. | None. Entire Topic Objectionable. |
| 15. Commerzbank's valuations of the RMBS at Issue, Including (a) any decision to write down the RMBS at Issue to a value of zero, the timing of such zero valuations, and the methods employed for such valuations; (b) any inputs or sources for RMBS valuation models to the extent they were used; and (c) any sources of market quotations, prices, and/or indications of interest for | • **Not Proportional**: The topic requires a witness to memorize every valuation Commerzbank made of the at-issue RMBS from 2004 to the present. As Wells Fargo should be aware, a bank such as Commerzbank marks its positions on a daily basis and undertakes various valuations for financial reporting requirements. It is not possible for a Commerzbank employee to ascertain all such valuations for a prolonged period of time and be prepared to testify about them. As set forth below, | None. Entire Topic Objectionable. |

| Wells Fargo's Proposed Topic | Problems with Proposed Topic | Reasonable Compromise Topic Rejected by Wells Fargo |
|---|---|---|
| purposes of marking the RMBS at Issue to market. | Commerzbank has agreed to provide testimony concerning its losses on the at-issue RMBS. Any marginal relevance of testimony concerning daily and other periodic valuations of the at-issue RMBS is easily outweighed by the enormous burden of requiring a witness to memorize such data, particularly since Commerzbank already has produced vast amounts of data concerning the at-issue RMBS.<br><br>• **Not Particularized**: The topic also is vague and overbroad and not particularized as it fails to specify any particular valuations for which it seeks testimony. Commerzbank repeatedly requested that Wells Fargo specify what particular valuations it sought testimony on, but Wells Fargo has refused to provide any specificity. | |
| 16. Any attempts or efforts to sell or otherwise dispose of the RMBS at Issue, and/or sell or liquidate any CDOs that have held such RMBS, Including, if known, the identity of any purchasers of the Sold Certificates. | Agreed. | N/A |
| 17. Actual losses Commerzbank has incurred with respect to the Trusts at Issue or the RMBS at Issue, and when those losses occurred. | Agreed. | N/A |
| 18. Any payments from any sources related to actual or alleged losses in the RMBS at Issue, Including any recoveries from (a) settlements or damages from litigation or arbitration; (b) payments by any guarantor of losses and/or liabilities; (c) any sales of any RMBS at Issue; and | • **Not Proportional**: The topic requires a witness to memorize all payments from all sources for the at-issue RMBS. Wells Fargo operated the waterfalls that distributed payments to certificateholders and provided monthly reports intended to itemize such payments. In order to prepare for this topic, a Commerzbank employee would need to study all the | Any payments received by Commerzbank in connection with the RMBS at Issue from any sources outside of payments received through the waterfalls for the trusts. |

Exhibit A – Page 7

| Wells Fargo's Proposed Topic | Problems with Proposed Topic | Reasonable Compromise Topic Rejected by Wells Fargo |
|---|---|---|
| (d) any margin call payments received in connection with a repurchase or reverse repurchase transaction, such as the transaction referred to as the "Duke Reverse Repo." | monthly reports for 19 trusts and memorize all sources of payments recorded on those reports. Any relevance of telling Wells Fargo what it should already know is far outweighed by the significant burden for a witness to learn and memorize this data. Although Wells Fargo suggested that this topic could be answered in writing (implicitly recognizing the impossibility of memorizing the information), compiling a written answer based almost entirely on Wells Fargo's own reports does not alleviate the significant burden. By contrast, Commerzbank's compromise topic focuses on payments, if any, Commerzbank received separate and apart from payments distributed through the waterfalls (*e.g.*, a settlement payment made directly to Commerzbank, if any, as opposed to the trust). This constitutes information that Commerzbank can prepare a witness to testify about and that does not require memorizing reams of monthly reports.<br><br>• **Wells Fargo Possesses the Requested Information**: Wells Fargo should know the sources of any payments that Commerzbank received through the waterfalls that Wells Fargo operated. The only information that Wells Fargo may not have in its possession is payments, if any, that Commerzbank received outside those waterfalls. Accordingly, Commerzbank's compromise topic is the far more appropriate topic. | |
| 19. Any decision by Commerzbank, Dresdner, or Eurohypo to stop purchasing additional RMBS and the rationale for the decision, Including (a) the date the decision was made; and (b) | Agreed. | N/A |

| Wells Fargo's Proposed Topic | Problems with Proposed Topic | Reasonable Compromise Topic Rejected by Wells Fargo |
|---|---|---|
| who made the decision or contributed to the decision-making process. | | |
| 20. Any agreements with, or requirements imposed by, BaFin or SOFFIN Concerning the Trusts at Issue or the RMBS at Issue, Including any presentations or reports sent to BaFin or SOFFIN Concerning the Trusts at Issue or RMBS at Issue. | • **Not Proportional**: The topic requires a witness to memorize any requirements of BaFin or SOFFIN, German government regulators, which may concern the RMBS Trusts and the contents of any reports or presentations to those government regulators concerning the RMBS Trusts. This appears to be a document request disguised as a Rule 30(b)(6) topic. Commerzbank already has produced numerous presentations and reports provided to BaFin concerning either the RMBS Trusts or RMBS in general that were captured by the agreed-upon search protocol, and Commerzbank is in the process of searching for any additional reasonably accessible reports to BaFin addressing the RMBS Trusts. Requiring a witness to become familiar with all the details of these reports and presentations, many of which were provided many years ago, would be an incredibly burdensome undertaking.<br><br>• **Not Particularized**: This Topic initially sought all communications with BaFin. Commerzbank requested that Wells Fargo specify particular communications between Commerzbank and BaFin. Wells Fargo's attempt to cure the obvious overbreadth of the initial request by changing all communications to "any presentations or reports," however, is a mere cosmetic change that does not add any particularity to the topic. | None. Entire Topic Objectionable. |