UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

COMMERZBANK A.G.,

                    Plaintiff,                    15-CV-10033 (KPF)(SN)

           -against-                    **ORDER**

WELLS FARGO BANK, N.A.,

                    Defendant.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      On September 22, 2017, the Court issued an omnibus privilege order. See ECF No. 314 (the "Privilege Order"). The Privilege Order addressed numerous challenges, including Commerzbank's concern that Wells Fargo was over designating documents that reveal communications between Wells Fargo and third-parties. The Court set forth guidance on third-party communications and directed the parties to further meet-and-confer. Absent resolution, the Court authorized Commerzbank to select ten documents from Wells Fargo's privilege log for the Court's *in camera* review. Commerzbank selected its exemplars on November 10, 2017, and filed a letter requesting that the Court order Wells Fargo to produce all documents shared with third parties. Wells Fargo opposed that relief by letter dated November 14, 2017. The parties are ORDERED to file both letters on the public docket with the proposed redactions.

      Commerzbank contends that Wells Fargo's assertion of the common interest doctrine is often improper because the privilege log fails to identify the common litigation interest and to provide sufficient detail to substantiate each document's underlying protection. Wells Fargo responds that these documents are all properly withheld under the common interest doctrine, as they are protected communications related to joint defenses in specific actions.

As the Court has repeatedly held, for a document to be protected under the common interest doctrine, it must meet a two-pronged test. First, the document must be protected by the attorney-client privilege or work product doctrine. Allied Irish Bank v. Bank of Am., 252 F.R.D. 163, 171 (S.D.N.Y. 2008). Second, if the document is protected, the common interest doctrine shields only those communications "between codefendants, coplaintiffs or persons who reasonably anticipate that they will become colitigants." Ambac Assur. Corp. v. Countrywide Home Loans, Inc., 27 N.Y.3d 616, 628 (2016); see also BlackRock et al. v. Wells Fargo Bank, Nat'l Assoc., 14-civ-09371, ECF No. 501 at 4.

In addition, the Court has directed that documents that reflect ordinary business communications are not protected, even if they are between counsel or members of a legal department. "Litigation trackers," that is, documents that reflect the management of litigation (as opposed to the defense of litigation) fall within the business communication category. In addition, communication between parties seeking only to enforce contractual defense and indemnity clauses – rather than seeking facts or information for purposes of litigation defense – fall within business communications.

These principles guide the Court's review of the ten exemplars. The Court rules as follows:

Wells Fargo properly withheld **ADI_0017_000198974 (Commerzbank Exemplar 1), ADI_0017_000288298 (Commerzbank Exemplar 2), ADI_020_000017167 (Commerzbank Exemplar 3), ADI_0020_000410437 (Commerzbank Exemplar 5), ADI_0020_00579725 (Commerzbank Exemplar 6), DTI_0062_000000104 (Commerzbank Exemplar 9),** and **DTICHA_000292_00013314 (Commerzbank Exemplar 10)**. These emails concern active litigation where the parties are jointly represented. They reveal requests for information from

counsel relevant to the parties' defense. Each of these documents is a protected communication with a third party prepared in anticipation of a litigation and need not be produced.

Wells Fargo must produce **ADI_0020_000410437 (Commerzbank Exemplar 4)**. This communication is a letter from in-house counsel at a title insurer to a servicer regarding active litigation. The primary purpose of the letter is to obtain the loan file from the servicer. The letter also identifies the lawyer that has been retained by the title insurer, pursuant to its title insurance policy, to represent Wells Fargo. This letter does not reveal any litigation strategies or counsel's impressions. Accordingly, the communication is not privileged or protected work product. It must be produced. Wells Fargo is further directed to produce other third-party communications that reveal only a contractual right under a defense and indemnity provision (a business communication) and do not reveal legal advice or counsel's impressions.

Wells Fargo must produce **ADI_0020_000755856 (Commerzbank Exemplar 7)**. This communication is an email chain between Wells Fargo and a servicer regarding active litigation in Rhode Island. Although the communication involves litigation in which Wells Fargo and the servicer are colitigants, it does not reveal legal advice or counsel's impressions. Rather, this communication, from a Wells Fargo litigation case manager, is more akin to litigation tracking/management. Accordingly, the communication is not privileged or protected work product. It must be produced. Wells Fargo is further directed to produce other third-party communications that reveal the business operation of managing litigation without revealing litigation strategies or counsel's impressions.

Wells Fargo must produce **ADI_0020_000901581 (Commerzbank Exemplar 8)**. This communication is from Wells Fargo asking a servicer to hire counsel on its behalf according to their contractual obligations, and is therefore not privileged or protected work product. Like

Commerzbank Exemplar 4, while this communication discusses active litigation, it does not reveal legal advice or counsel's impressions. Instead, it only requests that counsel be appointed. Accordingly, the communication is not privileged or protected work product.

The parties are directed to apply the Court's rulings as guidance to resolve any related privilege disputes without judicial intervention. Wells Fargo is ORDERED to complete production of these and any similar documents currently withheld by Friday, January 12, 2018. Commerzbank's request that the Court order Wells Fargo to produce all communications shared with third-parties is DENIED.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    January 3, 2018
         New York, New York