# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

January 19, 2018

The Honorable Sarah Netburn
United States Magistrate Judge for the
Southern District of New York
The Hon. Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, New York 10007

**Reasons to Reject Reconsideration of the Court's
November 20, 2017 Protective Order**
*Commerzbank and Phoenix Light v. Wells Fargo Bank, N.A.*, 14-cv-10102 and 15-cv-10033

Dear Judge Netburn:

The 14 exemplar documents, submitted under seal for *in camera* review as directed by the Court (ECF 429),[1] further support Commerzbank's and Phoenix Light's[2] supplemental interrogatory responses (ECF 410, "Supplemental Responses"), which set forth the dates that outside counsel provided investigatory results that underlie the complaints in this action and earlier RMBS complaints. Contrary to Wells Fargo's repeated but unsupported cries of falsehood (ECF 431), Plaintiffs discovered the facts underlying their complaints shortly before the complaints were filed. The exemplars demonstrate the truth of Plaintiffs' responses, and the falsity of Wells Fargo's baseless accusations. Although we discuss the content of privileged material below, we are serving an unredacted copy of this letter to Wells Fargo without waiver of Plaintiffs' privilege assertions so Wells Fargo may have access to the complete filing.

**Commerzbank's Exemplars:** Commerzbank's Supplemental Responses state that it first received outside counsel's findings concerning its claims against Wells Fargo on September 25, 2015; it received Core Logic findings on March 18, 2014 and outside counsel's investigative findings in connection with its *UBS* complaint in April 2014; and it received outside counsel's findings in connection with the *Abu Dhabi* complaint in November 2010 when it received a copy of the existing complaint in that action (ECF 410 at 2). The *UBS* and *Abu Dhabi* complaints do *not* involve RMBS trustee claims. The Commerzbank exemplars support these Supplemental Responses — which were based on a thorough investigation by undersigned counsel, as officers of the Court, per the Court's direction:

---

[1] Unless otherwise indicated, citations to ECF are to the docket in *Phoenix Light*, Case No. 14-cv-10102.

[2] Phoenix Light is shorthand for all plaintiff Phoenix Light entities.

- **Log Entry 13**: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Notably, Commerzbank was not a party to any actions filed by Gibbs & Bruns and such actions were not ordered to be part of the Supplemental Responses. Further, this entry is unrelated to the facts and claims that underlie Commerzbank's complaint against Wells Fargo, and equally unrelated to the *UBS* and *Abu Dhabi* complaints. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

- **Log Entries 282, 283 and 287**: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Wells Fargo's assertions of falsity are largely based on its assumption that these emails conveyed analytic results, which is false. These exemplars do not contradict the Supplemental Responses (which were based on a thorough investigation) that Commerzbank first received findings from Core Logic in March 2014.

- **Log Entries 520, 602 and 663**: These internal emails contain no investigatory findings and have nothing to do with claims against RMBS trustees, but merely concern the potential engagement of counsel, which is irrelevant to the issue of when outside counsel conveyed investigatory findings.

In short, the Commerzbank exemplars not only fail to support Wells Fargo's irresponsible claims of falsity, but they further demonstrate the truth of Commerzbank's Supplemental Responses.

**Phoenix Light:** The eight exemplars from Phoenix Light's privilege logs are outside the scope of Wells Fargo's contention interrogatories concerning the Originator, Warrantor, and Servicer Events alleged in the Phoenix Light Complaint. All of the exemplars concern Erste Abwicklungsanstalt ("EAA"), not Plaintiffs, and therefore are outside the scope of interrogatories concerning *Plaintiffs'* knowledge. EAA "is a structurally and financially independent public law entity with partial legal capacity operating under" the German Financial Market Stabilization Authority (*see* https://www.aa1.de/en/the-eaa/), and a certificate holder in the Phoenix Light entities. Wells Fargo's assertion that investor EAA's knowledge is attributable to Phoenix Light would be tantamount to certificateholders' knowledge being attributable to the trusts for which Wells Fargo was trustee. In any event, Wells Fargo points to zero evidence, even after scorched-earth fact discovery, that would justify collapsing EAA into Phoenix Light. Further, Wells Fargo has had the opportunity to depose Enno Balz of EAA, who is on most of the exemplar emails, regarding these issues. *See* Ex. A. Wells Fargo's exemplars also have no bearing on its statute of limitations defense, as Wells Fargo has never raised a statute of limitations argument against Phoenix Light or shown how documents from 2012 and 2013 could possibly be relevant to a statute of limitations defense for a complaint filed in 2014.

- **Log Entries 7115 and 7239 Concerning the Prior *JPMorgan* Complaint**: These exemplars are emails from September and October 2012 regarding Plaintiffs' draft complaint in *Phoenix Light SF Limited et al. v. JP Morgan*

*Securities*, 651755/2012. These emails are after the operative date specified in the Supplemental Responses (*see* ECF 410 at 3) and confirm the truth of those Supplemental Responses.

- **Log Entries 6098 and 7118, and PhoenixLight008916784 and PhoenixLight 008917998 Concerning Non-Party EAA**: Throughout this case, going back to the very first document requests, Plaintiffs have always objected to conflating EAA and Phoenix Light. And Wells Fargo knows full well that Phoenix Light's interrogatory responses were made solely on behalf of Phoenix Light. These exemplars concern EAA, not Phoenix Light. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ They are not responsive to Wells Fargo's interrogatories, do not relate to Phoenix Light, and do not reflect when Phoenix Light learned any facts or commenced any investigation. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ They contain no factual findings, and do not reflect whether and when any such investigation took place. And Phoenix Light's Supplemental Responses accurately disclosed that "[b]ecause the information was obtained largely from counsel's review of the public record, court filings, and news reports, it is possible someone acting as a director, manager, trustee, or other agent of the CDOs may have been aware of discrete facts as and when reported prior to WMD's investigation" (ECF 410 at 3). In sum, none of these exemplars involve Phoenix Light or demonstrate inaccuracies with Phoenix Light's Supplemental Responses.[3]

- **Log Entry 5464 and PhoenixLight008845150 Concerning Unrelated Litigation**: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ That lawsuit is irrelevant.

## Conclusion

We do not believe that the Court should reconsider its protective order based on unsupported assertions of falsity, no matter how strenuously asserted or frequently repeated. Our Supplemental Responses were based on a thorough investigation that we took very seriously, and we stand by them, and none of the exemplars challenges their accuracy in any way. On the contrary, the exemplars demonstrate that Wells Fargo's assertions of falsity were so unsupported as to be irresponsible. The Court should deny Wells Fargo's unsupported motion to reconsider its protective order.

---

[3] Wells Fargo asks the Court to apply a double standard and charge Plaintiffs with all knowledge of all public events in connection with Plaintiffs' protective order motion, but takes the position that it can be unaware of such public events as trustee.

Respectfully submitted,

*/s/ Philip R. Schatz*
Philip R. Schatz
WOLLMUTH MAHER & DEUTSCH LLP
*Counsel for Plaintiff Commerzbank AG*