November 12, 2019

**VIA ECF**
The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

      Re: *Phoenix Light SF Ltd. v. Wells Fargo Bank, N.A.*, Case No. 14-cv-10102 (KPF) (SN);
           *Commerzbank AG v. Wells Fargo Bank, N.A.*, Case No. 15-cv-10033 (KPF) (SN);
           <u>*NCUA, et al. v. Wells Fargo Bank, N.A.*, Case No. 14-cv-10067 (KPF) (SN).</u>

Dear Judge Failla:

      The parties in these coordinated actions respectfully write jointly to ask the Court (i) for clarification as to which Judge should receive the respective summary judgment and *Daubert* motions to be filed on December 13, 2019; and (ii) for guidance as to whether the Court will require pre-motion letters prior to filing any summary judgment motions.

      The relevant August 21, 2019 scheduling order (the "Scheduling Order") directs the parties to file summary judgment and *Daubert* motions on December 13, 2019, and the motions will be briefed simultaneously. (*See Commerzbank* ECF No. 436; *Phoenix Light* ECF No. 482; *NCUA* ECF No. 461.)

      The September 7, 2017 "Amended Order Referring Case to Magistrate Judge" filed in each of these actions referred them to Judge Netburn for general pretrial purposes, including "non-dispositive pretrial motions." (*See Commerzbank* ECF No. 309; *Phoenix Light* ECF No. 387; *NCUA* ECF No. 358.)

<u>Plaintiffs' Position</u>

      Based on the express linkage of the two sets of motions in the Scheduling Order, Plaintiffs' initial understanding was that the parties should direct both their summary judgment and *Daubert* motions to Your Honor, rather than separately submitting summary judgment motions to Your Honor and *Daubert* motions to Judge Netburn. When Wells Fargo recently suggested that there was a lack of clarity on this subject, Plaintiffs agreed it would be prudent jointly to seek clarification.

The Honorable Katherine Polk Failla
Page 2

Plaintiffs suggest it would be more efficient to direct both sets of motions to Your Honor because resolution of summary judgment motions could be impacted by how certain issues raised in the parties' *Daubert* motions are resolved, and in certain instances the subject matters of both types of motions may overlap given that the admissibility of expert testimony may need to be evaluated against a governing legal standard to be addressed in the context of summary judgment. It is also possible that the Court's ruling on summary judgment could moot some issues raised in the *Daubert* motions, which further counsels in favor of having one judge decide both groups of motions.

As for pre-motion letters, although the Scheduling Order contemplates the filing of summary judgment motions on December 13, 2019, that order does not expressly state whether pre-motion letters are required to be submitted prior to that date pursuant to Rule 4.A of Your Honor's Individual Rules of Practice in Civil Cases. Plaintiffs believe that pre-motion letters justifying in advance the submission of summary judgment motions on particular issues would allow the Court more efficiently to consider and manage summary judgment submissions.

Wells Fargo's Position

Wells Fargo takes no position regarding which Judge should hear the motions, but respectfully requests that the Court provide guidance on this issue. In addition to its desire to comply with the relevant filing instructions for the December 13 filing date, Wells Fargo also wants to assure compliance with the applicable Individual Rules and direct any requests for non-substantive relief related to the motions (*e.g.*, any request for relief from page limits) to the correct Judge.

Wells Fargo will be prepared to present any pre-motion letter that is required by the Individual Rules of the Court to whom the motions should be directed.

Conclusion

In light of the common filing deadline for upcoming motions and the likelihood that different motions will raise related issues, the parties respectfully request that the Court clarify (1) to which Judge summary judgment and *Daubert* motions should be directed; and (2) whether, and if so, when pre-motion letters should be submitted.

The Honorable Katherine Polk Failla
Page 3

                                                        Respectfully submitted,

/s/ *Steven S. Fitzgerald*                   /s/ *Howard F. Sidman*
Steven S. Fitzgerald                       Howard F. Sidman
WOLLMUTH MAHER & DEUTSCH LLP     JONES DAY
*Counsel for the Phoenix Light Plaintiffs*       *Counsel for Defendant Wells Fargo Bank,*
*and Commerzbank AG*                    *N.A.*

/s/ *Scott A. Attaway*
Scott A. Attaway
KELLOGG HANSEN TODD FIGEL &
FREDERICK PLLC
*Counsel for Plaintiffs*
*National Credit Union*
*Administration Board, et al.*

cc:    The Honorable Sarah Netburn
        United States District Court
        Southern District of New York
        40 Foley Square, Room 430
        New York, New York 10007